Case 1:16-cv-24621-FAM   Document 1   Entered on FLSD Docket 11/04/2016   Page 1 of 8

Case 1:16-cv-24621-FAM   Document 1   Entered on FLSD Docket 11/04/2016   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GILBERTO LINO MORGAN, and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiff,

vs.

LEAL MEDICAL CENTER, LLC,
ABC-ALSY ADULT DAY CARE CENTERS, LLC,
LEAL PHARMACY, LLC,
JHACNEA P LEAL,
YAIMA DELGADO,
DANIEL OROZCO,
HENRY MULLALES, SR.,

        Defendants.
_____

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS, REIMBURSEMENT OF EXPENSES, AND UNJUST ENRICHMENT**

Plaintiff, GILBERTO LINO MORGAN on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, LEAL MEDICAL CENTER, LLC, ABC-ALSY ADULT DAY CARE CENTERS, LLC, LEAL PHARMACY, LLC, JHACNEA P LEAL, YAIMA DELGADO, DANIEL OROZCO, and HENRY MULLALES, SR., and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant LEAL MEDICAL CENTER, LLC, is a limited liability corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

**1** of **8**

4. The Defendant ABC-ALSY ADULT DAY CARE CENTERS, LLC, is a limited liability corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for the relevant time period.

5. The Defendant LEAL PHARMACY, LLC, is a limited liability corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for the relevant time period.

6. The individual Defendant JHACNEA P LEAL is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

7. The individual Defendant YAIMA DELGADO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

8. The individual Defendant DANIEL OROZCO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

9. The individual Defendant HENRY MULLALES, SR., is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the

Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

10. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

11. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

13. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

14. Plaintiff worked for Defendants as a driver from on or about June 5, 2014 through on or about April 1, 2015.

15. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

16. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

17. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, and 2015.

18. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the nine months of the year 2016 and is expected to exceed $500,000 for the year 2016.

19. Upon information and belief, Defendants, LEAL MEDICAL CENTER, LLC, ABC-ALSY ADULT DAY CARE CENTERS, LLC, and LEAL PHARMACY, LLC, are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies are performed through unified operation and/or common control, are being done for a common business purpose, and there is cross-utilization of employees during the same work weeks simultaneously benefiting all Companies which are operated by the same company officers

for a common business purpose. For purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiff intends to stack income as appropriate pursuant to the applicable law.

20. Upon information and belief, Defendants were each Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies, LEAL MEDICAL CENTER, LLC, ABC-ALSY ADULT DAY CARE CENTERS, LLC, and LEAL PHARMACY, LLC, as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

21. Individual Defendant JHACNEA P LEAL was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

22. Individual Defendant YAIMA DELGADO was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

23. Individual Defendant DANIEL OROZCO was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

24. Individual Defendant HENRY MULLALES, SR., was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

25. Between the period of on or about June 5, 2014 through on or about April 1, 2015, Plaintiff worked an average of 51 hours a week for Defendants and was paid an average of $10.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

26. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required

by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. REIMBURSEMENT OF EXPENSES

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-26 above and further states:

27. Pursuant to 29 C.F.R. 531.3 (d)(1)(2), the Defendants/employers are prohibited from deducting from Plaintiff's salary, charging its employees or computing Plaintiff's wages factoring the cost of gas which are primarily for the benefit or convenience of the Defendant employers.

28. As a driver, between the period of on or about June 5, 2014 through on or about April 1, 2015, Plaintiff was required to pay an average of $40.00 per week for gas and tolls to be used in conjunction with the transportation of Defendants' medications to Defendants' clients and

while driving the Defendants' vehicles.

29. Upon information and belief, the Defendants did not properly reimburse the Plaintiff for theses fuel and toll expenses and remain owing these "costs" to the Plaintiff based on an average of $40.00 per week for each and every week that the Plaintiff worked for the Defendants as specified above.

30. The Defendants willfully and intentionally refused to pay Plaintiff the proper minimum wages as required by the law of the United States as set forth above and remains owing reimbursement for the weekly fuel and toll expenditures as detailed above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all minimum wages and fuel charges/toll charges still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act--whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT III. UNJUST ENRICHMENT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-30 above and further states:

31. Plaintiff reasserts and re-alleges paragraphs 27-30 above regarding Plaintiff's Claim for Reimbursement of Expenses (Count II), as such facts also give rise to an action for unjust enrichment. Plaintiff seeks this claim in equity based on such facts, should it be determined he cannot recover at law under a Reimbursement of Expenses theory.

32. This Court has jurisdiction for Plaintiff's unjust enrichment claim under the Court's

Supplemental Jurisdiction 28 USC § 1367.

33. Due to the aforesaid facts (also relevant to Plaintiff's claim for Reimbursement of Expenses – Count II), the Plaintiff has conferred a benefit upon the Defendants. The Defendants had knowledge of the benefit conferred and continues to retain that benefit undeservedly.  Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for them and their business, because Defendants chose to maximize theirs and their business's profit.

34. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants which Defendants were legally responsible to pay for.

WHEREFORE, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
         J.H. Zidell, Esq.
       Florida Bar Number: 0010121